Case 4:15-cr-06049-EFS    ECF No. 1691    filed 01/23/26    PageID.9943    Page 1 of 1

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)    Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 23, 2026

SEAN F. McAVOY, CLERK

United States of America
v.
MIGUEL REYES-GARCIA

Case No: 4:15-cr-6049-EFS-21
USM No: 56319-408

Date of Original Judgment: 03/26/2019
Date of Previous Amended Judgment: _____
*(Use Date of Last Amended Judgment if Any)*

*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.
*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Defendant's Motion to Reconsider, **ECF No. 1688**, is **GRANTED**. The Court previously utilized the wrong AO form when ruling on Defendant's underlying motion. The Court now uses the correct AO form for Defendant's motion seeking relief under 18 U.S.C. § 3582(c)(2).

Defendant's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2), **ECF No. 1685**, remains **DENIED**. Defendant is not eligible for relief pursuant to Amendment 821 and 18 U.S.C. § 3582(c)(2). Contrary to his assertion that he had a criminal history score of zero, he had one criminal history point, resulting from an Illegal Entry conviction. At sentencing, the Court considered this prior conviction when determining the applicable Sentencing Guideline range and when evaluating the 18 U.S.C. § 3553(a) factors. Any prior felony conviction, not just a felony drug conviction, for which one receives a criminal history point pursuant to Sentencing Guideline Chapter Four, Part A, prevents one from benefiting from Amendment 821. Therefore, this case is not like United States v. Quintero-Beltran, 1:21-cr-153-DAD, 2024 WL 4120232 (E.D. Cal. Sept. 9, 2024), because Mr. Quintero-Beltran had no prior convictions, even though he had been previously deported.

Furthermore, Defendant's role in the offense was not "minimal." The Court found at sentencing that Defendant was not a low-ranked member of the drug trafficking organization nor was he distributing user-level drug quantities. Therefore, he does not qualify for a minimal-participant reduction under 2D1.1(e)(2) and 3B1.2 of the Sentencing Guidelines as effective November 1, 2025 (Amendment 817).

Defendant's Motion for Appointment of Counsel, **ECF No. 1688**, is **DENIED**. A year ago, the Court appointed counsel when Defendant sought compassionate release under § 3582(c)(1). ECF No. 1679. After reviewing the file, defense counsel advised that there was no basis for him to assist Defendant with seeking a sentence reduction under § 3582. ECF No. 1683. No mention of possible relief under § 3582(c)(2) was mentioned by counsel. Likewise, prior appellate defense counsel sought leave to withdraw as there were no grounds for appellate relief. ECF No. 1388. Based on this record, the Court declines to appoint counsel.

Except as otherwise provided, all provisions of the judgment dated 03/26/2019 shall remain in effect.
**IT IS SO ORDERED.**

Order Date: 1/23/2026

*Judge's signature*

Effective Date: _____
*(if different from order date)*

Edward F. Shea, Judge
*Printed name and title*